UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Erika Corman,                                        Case No. 3:24-cv-2191

        Plaintiff,

  v.                                              MEMORANDUM OPINION
                                               AND ORDER

Relax Saunas,

        Defendant.


## I.    INTRODUCTION

Defendant Relax Saunas moved to dismiss this case for improper venue. (Doc. No. 7). Plaintiff Erika Corman opposed the motion, (Doc. No. 8), and Defendant filed a brief in reply. (Doc. No. 9). For the reasons stated below, I deny Defendant's motion.

## II.    BACKGROUND

Erika Corman worked for Defendant, a company based in Columbus, Ohio, in several capacities during several nonconsecutive time periods. (*See* Doc. No. 1 at 2). Most recently, in November 2023, Corman was hired as an executive assistant to Ryan Garey, Defendant's newly-hired vice president. (Doc. No. 8-1 at 4). When she was hired, Corman began working from home in Orlando, Florida. (*Id.* at 5). She did so for several weeks before Garey and Phillip Wilson, Defendant's president, asked her to relocate to Phoenix, Arizona, where Garey kept his office. (*Id.* at 4-6). For reasons that are not included in the record, Garey resigned just a few weeks later. (*Id.* at

6). Corman then became Wilson's executive assistant, and she continued working from Phoenix until February 2024, when she moved to Las Vegas, Nevada, at Wilson's request. (*Id.* at 6-7).

Corman's time in Las Vegas also was short-lived. Corman's family asked her to move to Toledo, Ohio, where her immediate family lives. (*Id.* at 7). Wilson gave Corman permission to work remotely from Toledo, and she moved in April 2024. (*Id.* at 7-8). Corman performed her job duties remotely until August 2024, when her employment was terminated. (Doc. No. 1 at 5-6).

Corman contends she regularly worked in excess of 40 hours per week, but Defendant classified her as exempt from overtime pay under the Fair Labor Standards Act and thus did not pay her for any hours worked beyond 40 hours per week. (*Id.* at 4). She alleges Defendant improperly classified her as exempt and seeks compensatory damages for her unpaid overtime, as well as liquidated and punitive damages. (*Id.* at 9).

Defendant now moves to dismiss, arguing that the United States District Court for the Northern District of Ohio is not a proper venue for this case. (Doc. No. 7). Corman opposes Defendant's motion, and she submitted a signed declaration in support of her contention that venue is proper in this court. (Doc. Nos. 8 and 8-1). Defendant filed a brief in reply, as well as a signed declaration from Stuart Benson, Defendant's Chief Financial Officer, in which Benson disputes two of Corman's statements about Wilson's role in implementing Defendant's financial policies and practices, including deciding which employees should be classified as exempt from the FLSA's overtime requirements. (Doc. Nos. 9 and 9-1).

### III. DISCUSSION

Defendant moves to dismiss this case pursuant to Rule 12 for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "[W]hen a defendant files a [Rule] 12(b)(3) motion to dismiss for improper venue, the plaintiff must show by a preponderance of the evidence that venue is proper." *Tobien v. Nationwide Gen. Ins. Co.*, --- F.4th ---, 2025 WL 1005671, at *4 (6th Cir. April 2, 2025). "In resolving

venue questions, courts 'may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014) (quoting *Audi AG & Volkswagen of Am. v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)) (further citations omitted).

The FLSA does not contain a specific venue provision, as it permits plaintiffs to file suit "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Therefore, the general venue statute applies. Under that statute, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). A court considering whether venue is proper under § 1391(b)(2) "'ask[s] whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts.'" *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (quoting *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)).

According to Defendant, "the dispositive issue before the Court[ is] where did Defendant compute and process the payments owed to Plaintiff?" (Doc. No. 9 at 3). Defendant claims that, because payroll policies are implemented at its principal place of business in Columbus, "Plaintiff has only established that the underlying events giving rise to Plaintiff's claim occurred at Defendant's principal place of business." (*Id.* at 5).

Defendant cites several district court cases in support of this argument. (*See* Doc. No. 9 at 3) (citing *Wood v. Dunn*, No. 1:10-CV-00092-TBR, 2010 WL 3259746, at *2 (W.D. Ky. Aug. 17, 2010); *Shay v. Sight & Sound Sys., Inc.,* 668 F. Supp. 2d 80, 85 (D.D.C. 2009); *Smith v. U.S. Investigations Servs., Inc.,* No. 04–0711(RMU), 2004 WL 2663143, at *3 (D.D.C. Nov. 18, 2004); and *Villatoro v. C2 Essentials, Inc.*, No. 18-CV-3829 PX, 2019 WL 1585314, at *3 (D. Md. Apr. 12, 2019)).

But none of these cases help Defendant. The *Wood* court relies on a quotation in *Shay* of a portion of the *Smith* opinion – "Several federal courts have explicitly held that 'where claims arise

3

from a plaintiff "being owed compensation from . . . employment," all of the events giving rise to the litigation occur where "all computation and processing of payments owed to the plaintiff occurred.""" *Wood*, 2010 WL 3259746, at *2 (quoting *Shay*, 668 F. Supp. 2d at 85 (further quoting *Smith*, 2004 WL 2663143, at *3)). But the *Shay* court only quotes part of the passage in *Smith*. The full sentence reads: "The defendant notes, and the plaintiff does not refute, that <u>the plaintiff, a resident of Virginia herself, was at all times employed in Virginia</u>, and that all computation and processing of payments owed to the plaintiff occurred in Virginia." *Smith*, 2004 WL 2663143, at *3 (emphasis added). In other words, the place of the computation and processing of payments is only part of the analysis; the plaintiff's place of employment also is relevant.

The same is true in *Villatoro*, where the court quoted *Wood*'s pared-down version of the *Smith* quotation. In that case, the court concluded venue was improper in the District of Maryland because the only connection to Maryland was that it was the plaintiff's residence and he received his paychecks there. *Villatoro*, 2019 WL 1585314, at *2. The court concluded the proper venue instead was the Eastern District of Virginia, because the plaintiff "<u>had been employed at Defendant's place of business in Virginia</u>, and all decisions surrounding his employment occurred in Virginia." *Id.* (emphasis added).[1]

In each of these cases, the courts considered both where the employer calculated the employee's wages <u>and</u> where the employee performed the employee's job duties. *See also Wood*, 2010 WL 3259746, at *3 (concluding venue was proper in the Eastern District of Arkansas, where

---

[1] The court then stated "[p]ut differently, no evidence suggests that any decisions related to Plaintiff's employment, including the manner of his compensation, occurred in Maryland." *Villatoro*, 2019 WL 1585314, at *3. To the extent this sentence walks back the court's reliance on the plaintiff's location of employment, I conclude it is inconsistent with the court's analysis in *Bramlet* and do not find it persuasive.

4

plaintiff worked, or in the Southern District of Mississippi, where defendant had its principal place of business, but not in the Western District of Kentucky, where plaintiff lived).[2]

The analysis in these cases is consistent with the Sixth Circuit's analysis in *Bramlet*. In that case, the court held venue is not limited to the forum in which the defendant took action and that the plaintiffs' actions also are relevant to determining the proper forum. *Bramlet*, 141 F.3d at 264. The *Bramlet* court then "reiterate[d] that[, under § 1391(a)(2),] the appropriate forum for a case is any forum in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.*

Defendant also argues that the Northern District of Ohio still is not a proper forum for this litigation because Corman chose to work remotely in Toledo and was not required to do so. (Doc. No. 9 at 6). And Defendant faults Corman for failing "to identify a single case in which *remote* work established proper venue." (*Id.* at 5) (emphasis in original). Neither of these arguments are persuasive.

First, even if Corman "chose" to work in Toledo, Corman presents evidence showing "Wilson agreed to [her] request and explicitly stated that it would be better if [she] worked remotely in Toledo." (Doc. No. 8-1 at 7). Accordingly, I reject Defendant's contention that it played no role in Corman working in Toledo. Defendant may not have "required" Corman to work in Toledo, but the evidence shows Defendant expressly permitted Corman to perform all her required job duties in Toledo for more than four consecutive months. (Doc. No. 8-1 at 7-8). Contrary to Defendant's suggestion, this is not comparable to an employee "responding to a work email . . . while traveling in Alaska." (Doc. No. 9 at 7).[3]

---

[2] The *Shay* court's opinion is less helpful, as that court discussed venue and personal jurisdiction interchangeably and used its § 1391(b)(2) analysis to conclude it lacked personal jurisdiction over the defendant and that, therefore, venue was improper in that district. *Shay*, 668 F. Supp. 2d at 85.

[3] Defendant also asserts that, in order to find venue is proper in this District, I also "would have to conclude venue would be proper" in the federal district courts covering Orlando, Phoenix, and Las Vegas, because Corman also worked remotely in those locations. (Doc. No. 9 at 7). But that is not

Second, while I may agree that a case on point would be helpful, Corman is not required to identify a case involving substantially similar facts before I may conclude venue is proper in this Court. It is her burden to show "by a preponderance of the evidence that venue is proper," not by some unquantified balancing of caselaw. *Tobien*, 2025 WL 1005671, at *4 (emphasis added).

As the Circuit recently held, "to defeat the 12(b)(3) motion [with papers alone], [the plaintiff] needed to show that his pleadings and affidavits, if accepted as true, would establish that venue was proper." *Id.* at *5. In other words, the question here is whether Corman's Amended Complaint and declaration, if accepted as true, show that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Ohio. 28 U.S.C. § 1391(b)(2). I conclude they do.

Corman attests that she spent over four consecutive months performing all of her job duties in Toledo while working remotely with Wilson's express permission. (Doc. No. 8-1 at 7-8). She also attests she "regularly worked over 40 hours per week without overtime compensation while living in Toledo." (*Id.* at 8). Taking these together, the evidence shows Corman worked remotely on a full-time basis, allegedly incurring unpaid overtime, in Toledo, Ohio, for nearly half of her total term of employment. This is sufficient to establish that a substantial part of the events giving rise to her claim occurred in the Northern District of Ohio.

### IV.  CONCLUSION

For the reasons stated above, I conclude venue is proper in the Northern District of Ohio and deny Defendant's Rule 12(b)(3) motion. (Doc. No. 7).

If Defendant desires to file a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), (*see* Doc. No. 9 at 10), it shall do so no later than 14 days after the entry of this Memorandum Opinion and Order. If Defendant files a § 1404(a) motion, Corman shall file her brief in response within 14

---

the point of the Rule 12(b)(3) inquiry. That rule requires a court to determine whether the venue the plaintiff chose is a proper venue. It does not require a court to also determine every other potentially proper venue for the litigation.

days of the filing of the motion. Defendant may file a reply brief no later than 7 days after Corman's response brief is filed.

      So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge